Jalil Abdul MUNTAQIM, a/k/a Anthony Bottom, Plaintiff–Appellant,

v.

Phillip COOMBE; Anthony Annucci; Louis F. Mann, Defendant–Appellee.

No. 01–7260.

United States Court of Appeals, Second Circuit.

Dec. 29, 2004.

Jonathan William Rauchway, Denver, CO, for Plaintiff–Appellant.

Julie Mathy Sheridan, Richard J. Freshour, Office of the Attorney General Division of Appeals & Opns., for Defendants–Appellees.

AMENDED ORDER

A poll of the judges in regular active service having been requested and conducted, and a majority of the active judges of the court having voted to rehear the appeal in this case *in banc*, IT IS HEREBY ORDERED that the appeal be reheard *in banc*. *See* Fed. R.App. P. 35(a). The *in banc* panel will consist of the active judges of the court and Senior Judges Meskill and Cardamone, both of whom were on the original panel. *See* 28 U.S.C. § 46(c). We invite amicus curiae briefs from interested parties.

The question presented is whether, on the pleadings, a claim that a New York State statute, Section 5–106 of the New York Election Law, that disenfranchises currently imprisoned felons and parolees results in unlawful vote dilution, can state a claim for violation of Section 2 of the Voting Rights Act.

The parties are requested to address, *inter alia*, the following issues in their briefs:

(1) Whether Section 2 of the Voting Rights Act can constitutionally be applied to a state statute like Section 5–106, that disenfranchises persons currently incarcerated as felons and parolees, in light of the Supreme Court's recent jurisprudence regarding Section 5 of the Fourteenth Amendment;

(2) Whether the Supreme Court's "clear statement rule," articulated in *Gregory v. Ashcroft*, 501 U.S. 452, 460–61, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991), requires Congress to have clearly stated that the

Voting Rights Act was intended to infringe upon the states' discretion to deprive persons currently incarcerated as felons and parolees of the right to vote, and whether Congress did in fact make that intent clear;

(3) (a) If the judgment of the district court were modified or vacated and the cause remanded for further presentation of questions of fact (either on a motion for summary judgment or a trial before a factfinder), what kinds of data demonstrating racial bias in conviction and sentencing, statistical and otherwise should the factfinder rely upon in assessing the claim? (b) What type and quantum of statistical evidence would plaintiff have to provide in order to prevail on the vote dilution claim? Specifically, what data should such statistical studies include, and what variables should they compare? (c) Should any statistical and other evidence of racial disparity distinguish between the federal and state criminal justice systems or consider them together, and how would a finding of discrimination in one and not the other affect the ultimate determination on the vote dilution question? (d) How might such evidence of racial disparity be considered in light of the Voting Rights Act's "totality of the *circumstances*" test, 42 U.S.C. § 1973(b)?;

(4) Whether Muntaqim is a proper class representative for the class of minority voters who allegedly experienced vote dilution as a result of the operation of Section 5–106, or whether he would first have to prove that his particular sentence was a result of discrimination and that a similarly situated white person would have been treated differently.

The appellant's brief and appendix, and any amicus curiae briefs in support thereof, shall be filed by January 21, 2005, the appellee's brief, and any amicus curiae briefs in support thereof, shall be filed by February 18, 2005, and the appellant's reply brief shall be filed by March 7, 2005. While the briefing schedule of the parties is to be strictly observed, extensions of the time to file amicus briefs will be considered on a case-by-case basis. Oral argument will be held on April 7, 2005 at 2 p.m. in the Ninth Floor Courtroom of the United States Courthouse, 500 Pearl Street, New York, New York.